Argued and submitted July 27, affirmed as modified September 21, 1983

In the Matter of
Lesslie Lessaos, a child,

STATE ex rel JUVENILE DEPARTMENT
OF POLK COUNTY,
*Respondent,*

*v.*

LESSAOS,
*Appellant.*

(J-3480; CA A26598)

669 P2d 339

Lane P. Shetterly, Dallas, argued the cause for appellant. With him on the briefs was Shetterly, Irick & Shetterly, Dallas.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

PER CURIAM.

## PER CURIAM

Appellant, a juvenile, appeals from a juvenile court order committing him to the Juvenile Training School. He assigns as error, *inter alia,* that portion of the court's order that requires him to pay restitution. He contends that the juvenile court has no authority to require him to pay restitution when it also commits him to the Juvenile Training School. We agree. The pertinent statute, ORS 419.507(1)(a),[1] authorizes an order of restitution "as a condition of probation." Commitment to the Juvenile Training School is not probation. *Accord, State ex rel Juv. Dept. v. Kreinbring,* 64 Or App 630, 669 P2d 340 1983.

Order modified by deleting requirement of restitution; affirmed as modified.[2]

---

[1] ORS 419.507(1)(a) provides:

"(1) A child found to be within the jurisdiction of the court as provided in ORS 419.476(1), may be made a ward of the court. Where a child has been found to be within its jurisdiction, and when the court determines it would be in the best interest and welfare of the child, the court may:

"(a) Place the child on probation or under protective supervision. The court may direct that the child remain in the legal custody of his parents or other person with whom he is living or may direct that the child be placed in the legal custody of some relative or some person maintaining a foster home approved by the court, or in a child care center or a youth care center authorized to accept the child. The court may specify particular requirements to be observed during the probation or protective supervision consistent with recognized juvenile court practice, including but not limited to restrictions on visitation by the child's parents, restrictions on the child's associates, occupation and activities, restrictions on and requirements to be observed by the person having the child's legal custody and requirements for visitation by and consultation with a juvenile counselor or other suitable counselor. Restitution for property taken, damaged or destroyed by the child may be required as a condition of probation."

[2] Appellant's other assignment of error was not raised before the juvenile court and does not involve an alleged error so egregious we would consider it although it was not presented.